IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COURTESY PRODUCTS, L.L.C.  )
                           )
         Plaintiff,        )
                           )
    v.                     ) Civ. No. 13-2012-SLR
                           )
HAMILTON BEACH BRANDS, INC.)
                           )
         Defendant.        )

Steven J. Balick, Esquire, Tiffany Geyer Lydon, Esquire, and Andrew C. Mayo, Esquire of Ashby & Geddes, Wilmington, Delaware. Counsel for Plaintiff.

Richard L. Horwitz, Esquire, David E. Moore, Esquire, and Bindu A. Palapura, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: November 5, 2014
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On December 9, 2013, plaintiff Courtesy Products, L.L.C. ("Courtesy") filed a complaint against defendant Hamilton Beach Brands, Inc. ("Hamilton") alleging direct and indirect infringement of U.S. Patent Nos. 7,311,037 ("the '037 patent"), 7,258,884 ("the '884 patent"), and 7,770,512 ("the '512 patent"). (D.I. 1) Presently before the court are Hamilton's motions to dismiss the complaint for failure to state a claim (D.I. 8) and for leave to file a motion for partial summary judgment of non-infringement (D.I. 10). The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## II. BACKGROUND

Courtesy is a limited liability company organized under the laws of the State of Missouri and has a principle place of business in St. Louis, Missouri. Courtesy sells products including single-serving coffee makers, disposable brew baskets, and coffee filter packs, as well as the CV1® One-Cup Coffee System, throughout the United States. (D.I. 1 at ¶¶ 2, 7) Hamilton is incorporated under the laws of the State of Delaware and has a principle place of business in Glen Allen, Virginia. Hamilton Beach distributes single-cup coffee makers, disposable brew baskets, and single-cup coffee products throughout the United States. (Id. at ¶¶ 3, 8)

## III. STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir.

2

2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. DISCUSSION

### A. Direct Infringement

A patent is infringed when a person "without authority makes, uses or sells any patented invention, within the United States . . . during the term of the patent." 35 U.S.C. § 271(a). "Direct infringement requires a party to perform each and every step or element of a claimed method or product." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) (internal quotation marks omitted). To state a claim of direct infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n. 10).

Courtesy's complaint states that Hamilton "distributes single-cup coffee makers (e.g., HDC200B and HDC200S), disposable brew baskets (e.g., Sysco SKU 0028358), and single-cup coffee products . . . ." (D.I. 1 at ¶ 8) The '037 patent is directed to a "beverage brewing system" using a "novel single-use, disposable brew basket for an electric coffee maker." ('037 patent, abstract, 1:10-12) Each of the independent claims describes a "brewing system" comprising a "beverage brewing machine," "filter packs,"

3

and "single serving disposable brew baskets." The '512 patent is directed to an apparatus or system using a "novel disposable brew basket for a coffee maker." ('512 patent, abstract, 1:17-18) Independent claim 1 describes a brewing "apparatus" comprising "single serving disposable brew baskets." Independent claim 28 describes a "beverage brewing system" comprising a "beverage brewing machine," "filter packs," and "single serving disposable brew baskets." Independent claims 53, 63, and 64 describe a "beverage brewing system"[1] and require "a beverage brewing machine" and "disposable brewing reservoirs." Hamilton argues that Courtesy's complaint fails to identify any "systems" accused of direct infringement and does not allege the sale of "filter packs." At the pleading stage, Courtesy's statement suffices to put Hamilton on notice of what products Courtesy alleges comprise the infringing "system." *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) (allegations in complaint were sufficient when plaintiff "identified general categories of accused products—processors, chipsets, and motherboards— . . . [and] the means by which [defendant]'s products allegedly infringe"); *cf. Bender v. LG Elect's. U.S.A., Inc.*, Civ. No. 09–02114, 2010 WL 889541, at *2, 5 (N.D. Cal. Mar. 11, 2010) (The court granted the motion to dismiss as the complaint contained "lists of products [which] are non-specific and fail to identify any single product by name or number.").

In order to adequately state a claim for direct infringement of method claims, the complaint must allege that the accused infringer "perform[ed] all the steps of the claimed method, either personally or through another acting under his direction or

---

[1] Or "in-room beverage system."

4

control." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012). The '884 patent is directed to a "method of supplying in-room beverage service to a lodging establishment" using "a novel single-use, disposable brew basket for an electric coffee maker." ('884 patent, abstract, 1:10-13) For example, independent claim 1 states:

> A method of supplying in-room beverage service to a lodging establishment that provides beverage dispensers in rooms of the lodging establishment for use by a plurality of different lodging guests . . .
> . . .
> (c) supplying the rooms with at least one of the plurality of disposable brew baskets;
> (d) supplying the rooms with at least one of the plurality of filter packs . . . ; and
> (e) after using the brew basket and filter pack in a single brewing operation, discarding the brew basket and filter pack, and supplying a new unused brew basket and new filter pack in the room.

('884 patent, 6:40-7:9)[2] In the case at bar, Courtesy has not alleged that Hamilton supplies its "system" to lodging establishments or provided any factual information regarding the performance of the last three steps of the claim. Hamilton's motion to dismiss Courtesy's infringement claim as to the '844 patent is granted, with leave to amend.[3]

### B. Indirect Infringement

To establish indirect infringement, a patent owner has available two theories:

---

[2]Independent claims 16 and 29 also describe a "method of supplying in-room beverage service to a lodging establishment."

[3]In order to establish a claim for indirect infringement, plaintiff's complaint must plausibly allege that the patent was directly infringed. *See In Re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) ("It is axiomatic that 'there can be no inducement or contributory infringement without an underlying act of direct infringement.'").

5

active inducement of infringement and contributory infringement. See 35 U.S.C. § 271(b) & (c). Liability for indirect infringement may arise "if, but only if, [there is] ... direct infringement." *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111, 2117 (2014) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961) (emphasis omitted)).

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations omitted). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, —— U.S. ——, 131 S. Ct. 2060, 2068 (2011). The knowledge requirement can be met by a showing of either actual knowledge or willful blindness. See id. "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 2070-71. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part) (citations omitted).

To establish contributory infringement, the patent owner must demonstrate the following: (1) an offer to sell, sale, or import; (2) a component or material for use in a

6

patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patents; and (4) the component is not a staple or article suitable for substantial noninfringing use. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)). Defendant "must know 'that the combination for which his component was especially designed was both patented and infringing.'" *Global–Tech*, 131 S. Ct. at 2067 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

> As to the '037 patent, Courtesy asserts that Hamilton
>
> contributes to the infringement of one or more claims of the '037 patent by making, selling, or offering to sell components of systems, including single-cup coffeemakers, single-cup coffee products, and disposable brew baskets, which [Hamilton] knows constitute a material part of the invention claimed in the '037 patent, and which [Hamilton] knows are not a staple article or commodity of commerce suitable for substantial non-infringing use; rather, the components are used for or in systems that infringe one or more claims of the '037 patent.
>
> . . . [Hamilton] induces the infringement of one or more claims of the '037 patent by intentionally advising and/or instructing third parties that purchase its systems to operate the systems in a manner that infringes one or more claims of the '037 patent.
>
> . . . [Hamilton] knew or had reason to know that the use of its systems by third parties would infringe the '037 patent, and with full knowledge of the '037 patent, contributed to or induced the infringement of the '037 patent.

(D.I. 1 at ¶¶ 12-14)[4]

Hamilton has had knowledge of the patents-in-suit since at least the filing date of the complaint. Courtesy's summary statements for induced and contributory

---

[4]Identical language is used for the '512 patent. (D.I. 1 at ¶¶ 30-32)

7

infringement are facially plausible and provide Hamilton notice of the indirect infringement claims. Specifically, the court concluded above that Courtesy adequately alleged direct infringement and Courtesy has pled the elements of induced and contributory infringement consistent with the court's analysis in *Walker Digital LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012). As Courtesy's indirect infringement claims are sustainable, Hamilton's motion to dismiss in this regard is denied.

### C. Willful Infringement

The Federal Circuit has set forth a two-pronged standard for establishing willful infringement, an objective prong and a subjective prong. With respect to the former,

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry.

*In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation omitted).

8

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.*, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal quotations omitted). Although "actual knowledge of infringement or the infringement risk" need not be pled, the complaint "must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

Courtesy's complaint states that Hamilton "is aware of the '037 patent" and has directly infringed it, as well as, "with full knowledge of the '037 patent, contributed to or induced the infringement of the '037 patent." Courtesy alleges that "[h]aving notice of the '037 patent, Hamilton Beach's continued activities demonstrate a willful disregard of the '037 patent and thus constitute willful patent infringement."[5] (D.I. 1 at ¶ 11, 14, 15) Courtesy has offered no factual information to establish "awareness" or "full knowledge" of the patents-in-suit, sufficient to evidence pre-suit knowledge of the patents-in-suit. Moreover, the complaint contains no facts establishing "objective recklessness of the infringement risk." See e.g., *Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2014 WL 4365235 (D. Del. Sept. 3, 2014). Therefore, Hamilton's motion to dismiss is granted in this regard.

## V. MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT

---

[5]The same statement is made for the '512 patent. (D.I. 1 at ¶ 29, 32, 33)

9

While the court disfavors early motions for summary judgment, such motions may be helpful to the streamlining of cases in certain instances and will be discussed at the Rule 16 scheduling conference. The court denies Hamilton's motion without prejudice to renew at this juncture.

## VI. CONCLUSION

For the aforementioned reasons, Hamilton's motion to dismiss (D.I. 8) is granted in part and denied in part. Courtesy is granted leave to amend the complaint to correct the pleading deficiencies identified herein. Hamilton's motion for leave to file a motion for partial summary judgment of non-infringement (D.I. 10) is denied without prejudice to renew. An appropriate order shall issue.