IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTESY PRODUCTS, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMILTON BEACH BRANDS, INC., )<br>)<br>Defendant. ) | Civ. No. 13-2012-SLR/SRF |

**MEMORANDUM ORDER**

At Wilmington this 1st day of September, 2015, having reviewed the motion filed by defendant Hamilton Beach Brands, Inc. ("Hamilton Beach") to stay litigation pending *inter partes* review ("IPR") of U.S. Patent Nos. 7,311,037 ("the '037 patent") and 7,770,512 ("the '512 patent"), and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 40) is denied, for the reasons that follow:

1. **Procedural background.** Plaintiff Courtesy Products, L.L.C. ("Courtesy") filed this patent infringement action against Hamilton Beach on December 9, 2013, asserting infringement of three patents, the '037 patent, the '512 patent, and U.S. Patent No. 7,258,884 ("the '884 patent"), all involving Courtesy's CV1® Program, a beverage brewing system that includes coffee makers that brew a single serving of coffee directly into a coffee cup using a disposable brew basket. Although Hamilton Beach filed its motion to stay in September 2014, the Patent Trial and Appeals Board ("PTAB") did not institute IPR proceedings of the '037 and '512 patents until February

25, 2015. The PTAB declined to instituted IPR proceedings with respect to, *inter alia*, the '884 patent or to asserted claims 19 and 26 of the '037 patent. Consistent with the scheduling order entered on February 4, 2015 (D.I. 33), the parties have pursued fact discovery and just commenced the claim construction exercise. Trial is scheduled to commence in March 2017.

2. **Standard of review.** As recognized by the Supreme Court of the United States, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 252 (1936). Put another way, the decision of whether to grant a stay rests within the sound discretion of the court through the exercise of judgment, "weigh[ing] competing interests and maintain[ing] an even balance." *Id. See also Cost Bros. Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Since the enunciation of the standard by the Supreme Court in 1936, courts have identified the ubiquitous "factors" which should be used as guidance in determining whether a stay is appropriate, for instance:

> "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 494, 406 (W.D.N.Y. 1999); *see also United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1992).

*Nokia Corp. v. Apple, Inc.*, Civ. No. 09-791-GMS, 2011 WL 2160904 at *1 (D. Del. June 1, 2011). Section 18 of the America Invents Act ("AIA") added a fourth factor for the

2

court's consideration, that is, "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1)(D).

3. **Analysis.** Unlike many of the patent cases tried in this district, the above captioned case involves a dispute between competitors. Indeed, Courtesy previously asserted the '037 and '884 patents in an earlier Delaware case, resulting in Hamilton Beach licensing these patents (and the application that matured into the '512 patent) and paying royalties to Courtesy for many years. (D.I. 65 at 1) Despite its licensing history, Hamilton Beach stopped paying royalties in 2013, filed for IPR (thus raising challenges to the validity of the patents-in-suit under 35 U.S.C. §§ 102 or 103), and has included in its answer to the amended complaint counterclaims and defenses that exceed the scope of the allowable challenges in the IPR. (D.I. 23) The PTAB has accepted for review some, but not all of the claims asserted at bar.

4. Under the circumstances described above, I find that a stay is not warranted. First, the IPRs instituted by the PTAB do not address all of the claims at issue, meaning that the parties' dispute will not be fully resolved by the IPRs, regardless of the outcome of such. Second, if the outcome of the PTAB is not favorable to Hamilton Beach, Hamilton Beach has the option of asserting the rest of its arsenal of defenses in this court, not only prolonging the ultimate resolution of the dispute, but expending the resources of the parties and two public agencies. Finally, and perhaps most significantly, Courtesy is in direct competition with, and has lost business to, Hamilton Beach. Hamilton Beach is now using every procedural tool at its disposal[1] to attempt to

---

[1] Not only the IPRs, but a motion practice as well.

invalidate patents that it licensed for years.

5. **Conclusion.** Given the fact that the IPRs will not fully resolve the dispute between these parties, I conclude that a stay will not simplify the issues in question or trial, will not reduce the burden of litigation, and will unduly prejudice the patent holder at bar, Courtesy.[2]

                                                                                             *[signature]*
United States District Judge

---

[2] I acknowledge that the motion to stay was timely filed, and that the case has not progressed past discovery, despite its age.