# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTESY PRODUCTS L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-2012-SLR-SRF |
| ) | |
| HAMILTON BEACH BRANDS, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Presently before the court in this patent infringement action are defendant Hamilton Beach Brands, Inc.'s ("Hamilton Beach" or "defendant") renewed partial motion to dismiss plaintiff Courtesy Products, L.L.C.'s ("Courtesy Products" or "plaintiff") willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 21); and Courtesy Products' partial motion to dismiss and strike Hamilton Beach's inequitable conduct counterclaims and defenses[1] (D.I. 37). For the following reasons, I recommend that the court deny Hamilton Beach's motion to dismiss, and grant-in-part Courtesy Products' partial motion to dismiss and strike. I recommend that Hamilton Beach be granted permission to amend its pleading to correct the deficiencies in the inequitable conduct counterclaim and affirmative defense. To the extent that Courtesy Products' pending motion seeks dismissal of Hamilton Beach's antitrust

---

[1] Courtesy Products filed a combined partial motion to dismiss Hamilton Beach's inequitable conduct and antitrust counterclaims, and motion to strike Hamilton Beach's inequitable conduct defense regarding U.S. Patent Numbers 7,311,037 ("the '037 patent"); 7,258,884 ("the '884 patent"); and 7,770,512 ("the '512 patent"). This Report and Recommendation will only address the motions as they pertain to the inequitable conduct counterclaims and defenses. Issues pertaining to the antitrust counterclaims are reserved for resolution by Judge Robinson.

counterclaim, this issue is reserved for resolution by Judge Robinson.

## II. BACKGROUND

On December 9, 2013, Courtesy Products filed a complaint asserting that Hamilton Beach directly, indirectly, and willfully infringed United States Patent Numbers 7,311,037 ("the '037 patent"), 7,258,884 ("the '884 patent"), and 7,770,512 ("the '512 patent") (collectively, the "patents-in-suit") directed to disposable brew basket technology for electric coffee makers. (D.I. 1) Hamilton Beach subsequently moved to dismiss Courtesy Products' complaint, and on November 5, 2014, the court granted the motion with respect to the direct and indirect infringement claims of the '844 patent and the willful infringement claims regarding all three patents-in-suit. (D.I. 8; D.I. 18-19) Courtesy Products filed an amended complaint on December 12, 2014 in an effort to cure the deficiencies in the original complaint. (D.I. 20) Hamilton Beach then filed its renewed motion to dismiss on January 5, 2015, challenging the sufficiency of Courtesy Products' willful infringement claims. (D.I. 21) On February 26, 2015, Courtesy Products filed a motion to dismiss for failure to state a claim regarding Hamilton Beach's counterclaim for inequitable conduct, and a motion to strike Hamilton Beach's affirmative defense of inequitable conduct. (D.I. 37)

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

When determining whether dismissal is appropriate, the court must take three steps.[2] *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must identify the elements of the claim. *Iqbal*, 556 U.S. at 675. Second, the court must identify and reject conclusory allegations. *Id.* at 678. Third, the court should assume the veracity of the well-pleaded factual allegations identified under the first prong of the analysis, and determine whether they are sufficiently alleged to state a claim for relief. *Id.*; *see also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The third prong presents a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] Although *Iqbal* describes the analysis as a "two-pronged approach," the Supreme Court observed that it is often necessary to "begin by taking note of the elements a plaintiff must plead to state a claim." 556 U.S. at 675, 679. For this reason, the Third Circuit has adopted a three-pronged approach. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Rule 12(f)

Rule 12(b)(6) does not offer a mechanism for dismissing affirmative defenses because it refers only to "claim[s]." *See Wyeth Holdings Corp. v. Sandoz, Inc.*, C.A. No. 09-955-LPS-CJB, 2012 WL 600715, at *4 (D. Del. Feb. 3, 2012). However, Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When ruling on a motion to strike, the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under the law. Further, a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 356 (D. Del. 2009) (citations and internal quotation marks omitted). "As a general matter, motions to strike under Rule 12(f) are disfavored." *Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010).

## IV. DISCUSSION

### A. Willfulness

In support of the motion to dismiss Courtesy Products' willful infringement claims, Hamilton Beach contends that Courtesy Products failed to cure the deficiencies in the factual content of the original complaint regarding the objective recklessness prong of the willfulness inquiry. (D.I. 22 at 4-6) According to Hamilton Beach, knowledge of the patents-in-suit alone is insufficient to establish willfulness, and allegations regarding a license for a product not at issue in this case are irrelevant. (*Id.*) In response, Courtesy Products alleges that it sufficiently pleaded objective recklessness in the amended complaint by alleging that Hamilton Beach had pre-filing knowledge of a patent, sold infringing products to its clients, and instructed its clients in their use of the infringing products. (D.I. 29 at 2-5) Moreover, Courtesy Products contends

4

that a plaintiff is not required to establish a link between the knowledge and objective recklessness requirements to sufficiently state a claim for willful infringement. (*Id.* at 6)

The Federal Circuit has set forth a two-pronged standard for establishing willful infringement, an objective prong and a subjective prong. With respect to the former, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation and internal quotation marks omitted).

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal citation and quotation marks omitted). "Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement," but the complaint must adequately allege "factual circumstances

5

in which the patents-in-suit [a]re called to the attention" of the defendants. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

The amended complaint adequately pleads facts in support of objective recklessness. The court dismissed Courtesy Products' willful infringement claims in the original complaint primarily because the allegations contained insufficient facts to establish the knowledge prong of the willfulness inquiry.[3] (D.I. 18 at 9) The parties agree that the amendments have cured the deficiencies in the knowledge allegations. (D.I. 22 at 4) The amended allegations regarding the knowledge requirement, combined with allegations that Hamilton Beach directly and/or indirectly infringed the patents-in-suit, and that it intentionally advised third party customers to use the accused products in systems that infringe the patents-in-suit, adequately allege that Hamilton Beach was objectively reckless as to the infringement risk. (D.I. 20 at ¶¶ 11-15; 20-24; 29-33)

Cases within this district have held that allegations of willful infringement are sufficiently pleaded when the complaint claims (1) knowledge of the patent-in-suit by the alleged infringer, (2) sales of the accused product to customers, and (3) knowledge that those customers will use the accused product for its infringing use. In *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, the court held that the disputed counterclaim adequately stated a cause of action for willful infringement because it alleged that, in addition to the plaintiff's knowledge of

---

[3] With respect to the objective recklessness requirement, the decision states that "the complaint contains no facts establishing 'objective recklessness of the infringement risk,'" citing *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495 (D. Del. 2014). In *Intellectual Ventures*, the court determined that the objective recklessness requirement was not sufficiently pleaded where the defendant received notice of the alleged infringement one day before the complaint was filed. *Id.* at 500. In contrast, the amended complaint in the present case alleges that Hamilton Beach has been on notice of the alleged infringement since 2009, approximately four years before the filing of the original complaint. (D.I. 20 at ¶¶ 15, 24, 33)

6

the patent-in-suit, "customers have in fact directly infringed" the patent-in-suit, and the plaintiff "has knowledge of these infringing uses by its customers." 935 F. Supp. 2d 772, 778 (D. Del. 2013). In *St. Clair Intellectual Property Consultants, Inc. v. Hewlett-Packard Co.*, the court determined that the complaint adequately pleaded allegations of willful infringement by stating that defendant "deliberately infringed the Patents in Suit and acted recklessly and in disregard to the Patents in Suit in designing and making and selling" certain products, in addition to setting forth facts regarding the defendant's knowledge of the infringement. C.A. No. 10-425-LPS, 2012 WL 1134318, at *3 (D. Del. Mar. 28, 2012). Similarly, in *Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, the court concluded that allegations of willful infringement were sufficiently stated in a complaint alleging that the defendant had pre-filing knowledge of the patent-in-suit, sold infringing products to its clients, and instructed its clients in the use of those infringing products. C.A. No. 12-1109-GMS, 2013 WL 6040377, at *2 n.5 (D. Del. Nov. 14, 2013)

Hamilton Beach's efforts to distinguish the court's holdings in *Fairchild*, *St. Clair*, and *Bonutti* based on the level of detail included in the pleadings are not compelling. In *Fairchild* and *St. Clair*, the court directly quoted language from the pleadings in support of the conclusion that those pleadings met the requirements for objective recklessness. The quoted language, cited in the previous paragraph, is consistent with the allegations in the instant complaint that Hamilton Beach "intentionally advis[es] and/or instruct[s] third parties that purchase components of its systems to use the components for or in systems that infringe one or more claims" of the patents-in-suit (D.I. 20 at ¶¶ 13, 31),[4] and "knew or had reason to know that the use of its

---

[4] The language of the corresponding allegation for the '884 patent varies slightly, accusing Hamilton Beach of "intentionally advising and/or instructing third parties that purchase its

7

systems by third parties would infringe" the patents-in-suit (*Id.* at ¶¶ 14, 32).[5] Similarly, the court in *Bonutti* based its conclusion regarding the sufficiency of the objective recklessness allegations on the fact that the complaint stated that the defendant had knowledge of the patent-in-suit, "sold infringing products to its clients and instructed its clients in their use of these infringing products." *Bonutti*, 2013 WL 6040377, at *2 n.5. The court's rulings in these cases were not based on any additional details in support of the objective recklessness requirement.

The parties next dispute whether a plaintiff must plead a link between knowledge and objective recklessness to state a claim for willful infringement and, if so, whether the complaint in the present case sufficiently pleads the link. *See St. Clair*, 2012 WL 1134318, at *3 ("The Proposed Complaint demonstrates a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement" were either known or obvious to the defendant); *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 458 (D. Del. 2014) (quoting *MONEC*, 897 F. Supp. 2d at 236 ("[t]he complaint must demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known.")). The allegations in the amended complaint sufficiently establish a link between knowledge and objective recklessness by pleading that, "[h]aving executed a license in the year 2009 to practice claims of the [patents-in-suit] for a specific product . . . and thus being on notice of the [patents-in-suit], Hamilton Beach's continued activities demonstrate a willful disregard of the [patents-in-suit] and thus constitute willful patent infringement." (D.I. 20 at ¶¶ 15, 24, 33)

---

components to use the components to perform methods of supplying in-room beverage service that directly infringe one or more claims of the '884 patent." (D.I. 20 at ¶ 22)
[5] The language of the corresponding allegation for the '884 patent varies slightly, stating that Hamilton Beach "knew or had reason to know that the use of its single-cup coffeemakers and disposable brew baskets by third parties would infringe the '884 patent." (D.I. 20 at ¶ 23)

8

For the foregoing reasons, I recommend that the court deny Hamilton Beach's motion to dismiss the willful infringement allegations of the amended complaint.

**B. Inequitable Conduct**

"An individual associated with the filing and prosecution of a patent application commits inequitable conduct when he or she (1) makes an affirmative misrepresentation of a material fact, fails to disclose material information, or submits false material information to the PTO; (2) with the specific intent to deceive the PTO." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379 (D. Del. 2012) (internal quotation marks omitted). Courtesy Products asks the court to dismiss and strike Hamilton Beach's inequitable conduct allegations because they do not meet the minimum requirements for pleading inequitable conduct under Fed. R. Civ. P. 9(b) and Federal Circuit precedent. (D.I. 38 at 2-11)

A claim of patent unenforceability premised on inequitable conduct is a claim sounding in fraud. Under Rule 9(b), fraud is a clear exception to the otherwise broad notice-pleading standards. A party alleging unenforceability, therefore, must plead with particularity those facts which support the claim that the patent holder acted fraudulently before the PTO. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).

"To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). The standard for proving inequitable conduct is a more rigorous one than the standard for pleading inequitable conduct. Accordingly, the proper standard of review is that articulated in *Exergen*, which held that "Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." 575 F.3d at 1327; *see also Evonik Degussa GmbH v.*

9

*Materia Inc.*, C.A. No. 09-636, 2012 WL 4503771, at *6 (D. Del. Oct. 1, 2012) (discussing *Exergen* as the applicable heightened pleading standard for inequitable conduct).

> Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Exergen*, 575 F.3d at 1328-29.

Just as a claim for inequitable conduct must meet the heightened pleading requirements of Rule 9(b), a defendant is also "required to plead this affirmative defense with particularity under Rule 9(b)." *See Bayer CropScience AG v. Dow AgroSciences LLC*, C.A. No. 10-1045, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011). As a result, Hamilton Beach's counterclaim and affirmative defense of inequitable conduct rise or fall together. *See XpertUniverse*, 868 F. Supp. 2d at 379-83 (assessing the sufficiency of counterclaims and affirmative defenses of inequitable conduct together); *Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F. Supp. 2d 715, 721-24 (D. Del. 2011) (same).

Courtesy Products' motion to dismiss and strike the inequitable conduct allegations is based on the assertion that Hamilton Beach failed to adequately plead inequitable conduct as articulated by the Federal Circuit and required by Fed. R. Civ. P. 9(b). Specifically, Courtesy Products maintains that Hamilton Beach has not sufficiently pleaded facts to show: (1) misrepresentations of facts that contradict other positions offered by the applicant to the PTO; (2) but-for materiality; or (3) intent to deceive. The court considers each separately, as required by the Federal Circuit. *See Therasense*, 649 F.3d at 1290 ("A district court should not use a 'sliding scale,' where a weak showing of intent may be found sufficient based on a strong showing of materiality, and vice versa.").

### 1. Misrepresentations of Fact

Hamilton Beach's inequitable conduct allegations sufficiently identify the who, what, when, where, and how of the material misrepresentations. *See Exergen*, 575 F.3d at 1327. The counterclaim and affirmative defense identify the applicant, Douglas Albrecht, as making affirmative misrepresentations to obtain each of the three patents-in-suit, and set forth allegedly contradictory factual statements made in the prosecution history and submitted declarations. (D.I. 23 at ¶¶ 43-50) The examiner rejected the claims of the patents-in-suit on the grounds that it would have been obvious to substitute the filter baskets identified in the prior art references to provide a pre-measured amount of coffee in one-time use baskets. (*Id.* at ¶¶ 42, 48) In response, the pleading alleges the applicant affirmatively misrepresented that the modification would increase the cost per cup of coffee and add steps to the brewing process, which would outweigh the advantages of preventing cleaning of the brew basket. (*Id.* at ¶¶ 43, 49-50) The pleading further specifically contrasts other dated portions of the prosecution history in which the applicant represented that disposable brew baskets would serve as a cost-saving measure. (*Id.* at ¶¶ 45-47)

The veracity and context of these statements is a question to be resolved by the finder of fact following discovery. At the pleading stage, the court does not decide the merits of the claim, only whether materiality has been alleged with sufficient particularity. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). The court's determination is not whether the non-moving party "will ultimately prevail," but rather whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011) (citations and internal quotation marks omitted). This "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal citations and quotation marks omitted). Reading the disputed statements in the light most favorable to Hamilton Beach, the inequitable conduct allegations sufficiently aver material misrepresentations under the heightened Rule 9(b) standard to survive at this stage of the proceedings.

### 2. But-For Materiality

The court next considers separately whether the pleading adequately satisfies the but-for materiality standard. Hamilton Beach has failed to sufficiently plead the but-for materiality of the alleged misrepresentations and, therefore, I recommend that the court grant Courtesy Products' motion to dismiss Hamilton Beach's inequitable conduct counterclaim and affirmative defense. "[A]s a general matter, the materiality required to establish inequitable conduct is but-for materiality," meaning that a misrepresentation is immaterial if it is "not the but-for cause of the patent's issuance." *Therasense*, 649 F.3d at 1291 (citing *Corona Cord Tire Co. v. Dovan Chem. Corp.*, 276 U.S. 358, 373-74 (1928)). Courts are unwilling "to extinguish the statutory presumption of validity where the patentee made a misrepresentation to the PTO that did not affect the issuance of the patent." *Id.* At the pleading stage, the court does not decide the merits of the claim, and focuses only on whether materiality was properly alleged with sufficient particularity. *Evonik Degussa GmbH v. Materia Inc.*, C.A. No. 09-636, 2012 WL 4503771, at *6 (D. Del. Oct. 1, 2012). Therefore, allegations that "are not self-evidently false . . . must be taken as true at the motion to dismiss stage of litigation." *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del. 2013).

Neither the challenged pleading nor Hamilton Beach's answering brief identifies how the cited misrepresentations in the May 21, 2007 response to the PTO's office action led to the

12

issuance of the patents-in-suit. Hamilton Beach alleges in a footnote contained in the answering brief that the '884 patent was allowed after receipt of the May 21, 2007 response. (D.I. 41 at 6 n.2) However, the counterclaim and affirmative defense contain no allegations or inferences that the alleged misrepresentations in the May 21, 2007 response were the "but-for" cause of the ultimate allowance of the patents-in-suit.[6]

Moreover, in a subsequent rejection of the '037 patent application issued on July 25, 2007,[7] the examiner expressly noted that "[a]pplicant's arguments filed 21 May 2007 have been fully considered but they are not persuasive," indicating that the alleged misrepresentations were not the but-for cause of the issuance of the patents-in-suit. (D.I. 38, Ex. A at 4) The inequitable conduct counterclaim states that the applicant "relied on similar misrepresentations as those made during the prosecution of the '037 patent to support statements made during the prosecution of the '884 patent and the '512 patent," but does not identify portions of the prosecution history indicating that those misrepresentations resulted in the issuance of the patents-in-suit. (D.I. 23 at ¶ 48) Hamilton Beach's inequitable conduct allegations therefore fail to satisfy the materiality requirement. *See Unverferth Mfg. Co., Inc. v. Par-Kan Co.*, 2014 WL 2206922, at *4-5 (N.D. Ind. May 27, 2014) (dismissing inequitable conduct counterclaim and

---

[6] There are no allegations by either party that the "egregious affirmative misconduct" exception to the "but-for" materiality requirement applies in this case.

[7] In reviewing a motion to dismiss, "'[c]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Collins & Aikman Corp. v. Stockman*, C.A. No. 07-265, 2010 WL 184074, at *3 (D. Del. Jan. 19, 2010) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Because Exhibit A to Courtesy Products' opening brief contains the prosecution history of the '037 patent, which is publicly available through the PTO's Public Patent Application Information Retrieval ("PAIR") database, it is a public document that the court may rely upon in deciding this motion to dismiss. *See, e.g., Benihana of Tokyo, Inc. v. Benihana Inc.*, C.A. No. 10-1051, 2011 WL 3861897, at *2 n.1 (D. Del. Sept. 1, 2011) (considering, on a motion to dismiss, a document that was submitted to the PTO and publicly available).

affirmative defense because pleading's statements regarding materiality were conclusory and did not explain why the misrepresentation was material in granting the patent, and the PTO explicitly stated that the declaration was insufficient to overcome the rejections).

### 3. Intent to Deceive

Viewing the allegations in the light most favorable to Hamilton Beach as the nonmoving party, the court concludes that Hamilton Beach sufficiently pleaded allegations regarding the specific intent requirement of the inequitable conduct inquiry. "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence. However, to meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Therasense*, 649 F.3d at 1290 (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)). The inquiry regarding specific intent often turns on facts that cannot be gleaned from public documents, and discovery is helpful to shed light on the reasoning behind decisions to make allegedly material omissions or misrepresentations. *See Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 323 (D. Del. 2013).

The inequitable conduct allegations in the present case specifically state that the applicant's "misrepresentation was knowingly false and made with specific intent as evidenced by his own submission to the PTO." (D.I. 23 at 18, 21; ¶¶ 44, 53) This allegation, in conjunction with averments that the applicant knew the statements regarding the increased costs of disposable brew baskets were false because they contradicted his third-party declaration, are sufficient to satisfy the specific intent requirement at this stage. It is reasonable to infer from the applicant's conduct, as alleged by Hamilton Beach, that the applicant intended to deceive the PTO. *See Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, C.A. No. 14-1482-

14

SLR, 2015 WL 4477700, at *5 (D. Del. July 22, 2015). Hamilton Beach need not prove by clear and convincing evidence that the applicant's specific intent to deceive the PTO is the single most reasonable inference to be drawn from the facts alleged in the pleading before discovery has taken place. The fact that Courtesy Products disagrees with Hamilton Beach's characterization of the facts in the counterclaim and affirmative defense "is irrelevant, as the court is not required to judge the merits of the parties' respective positions at this stage of the proceedings." *Id.*

Although Hamilton Beach sufficiently pleaded the specific intent requirement in its affirmative defense and counterclaim, the deficiencies in the pleading with respect to the materiality requirement warrant dismissal of the pleading without prejudice to amend.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court deny Hamilton Beach's renewed partial motion to dismiss (D.I. 21) and grant-in-part Courtesy Products' motion to dismiss and strike regarding Hamilton Beach's inequitable conduct counterclaim and defense. I recommend that Hamilton Beach be given permission to file an amended pleading curing the deficiencies in its inequitable conduct counterclaim and affirmative defense. To the extent that Courtesy Products' motion seeks dismissal of Hamilton Beach's antitrust counterclaim, this issue is reserved for resolution by Judge Robinson.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1

(3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 20, 2015

Sherry R. Fallon
United States Magistrate Judge