## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTESY PRODUCTS, L.L.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-2012-SLR |
| | ) |
| HAMILTON BEACH BRANDS, INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this ⁱ𝔹ʳday of November, 2015, having heard argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of U.S. Patent Nos. 7,311,037 ("the '037 patent"); 7,258,884 ("the '884 patent"); and 7,770,512 ("the '512 patent") shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. **"Brewing reservoir:"**[1] "A defined space configured to hold grounds/grinds and receive heated water to brew a beverage." The specifications describe the "brewing reservoir" as being used "for holding coffee grounds and for receiving heated water from the electric coffee brewing machine." ('037 patent, 4:16-18; '884 patent, 4:10-12; '512 patent, 4:20-21)

---

[1] Found in claims 1, 27, 28, and 29 of the '037 patent, claim 16 of the '884 patent, and claims 28 and 63 of the '512 patent.

2. **"Bottom:"**[2] "Lower portion of the brew basket"[3] and "lower portion."[4] The

specifications describe the disposable brew basket as having

> a bottom wall 42, a front wall 44, a rear wall 45, a left side wall 46 and a
> right side wall 48. The front, rear, left and right side walls extend generally
> upwardly from the bottom wall 42 to define a brewing reservoir 50 for
> holding coffee grounds and for receiving heated water from the electric
> coffee brewing machine 10.

('037 patent, 4:12-18, figures 2-7; '884 patent, 4:6-12, figures 2-7; '512 patent, 4:14-21,

figures 2-9)

3. **"Providing a plurality of disposable filter packs:"**[5] "Making available a

plurality of disposable filter packs." **"Providing a plurality of single-serving**

**disposable brew baskets:"**[6] "Making available a plurality of single-serving disposable

brew baskets." The '884 specification explains that "a method of brewing a single cup

of coffee comprises the steps of . . . providing a coffee filter pack comprising a liquid-

permeable pouch containing ground coffee . . . ." ('884 patent, 2:42-49) Claim 16

recites in part, "[a] method of supplying in-room beverage service to a lodging

establishment" and "providing a beverage dispenser for use in a room of the lodging

establishment," making defendant's proposed additional language ("to a lodging

establishment") redundant. ('884 patent, 7:63-67)

---

[2] Found in claim 16 of the '884 patent, claims 1, 27, 28, and 29 of the '037 patent, and claims 28 and 63 of the '512 patent.

[3] For claim 16 of the '884 patent and claims 1, 27, 28, and 29 of the '037 patent.

[4] For claims 28 and 63 of the '512 patent.

[5] Found in claim 16 of the '884 patent.

[6] Found in claim 16 of the '884 patent.

2

4. **"Disposable:"**[7] "Discardable." The specifications describe the use of "a permanent 'reusable' brew basket" or a "reusable plastic brew basket," which are designed to be washed and reused. (*See, e.g.*, '037 patent, 1:21, 25, 2:25, 5:14, 22, 6:3, 15, 21, 29; '884 patent, 1:21, 2:25, 50, 4:5, 5:6, 6:3, 8; '512 patent, 1:23, 4:1, 8, 10:7, 14) The specifications distinguish "a single-use, disposable brew basket 40 of substantially the same dimensions as the reusable brew basket 18," which is "discarded" (along with the coffee filter pack) after the coffee has been brewed. ('037 patent, 5:12-26, 6:1-4; '884 patent, 5:4-17, 57-59; '512 patent, 7:31-45, 9:59-61) The court declines to add a "use requirement" to the construction of this limitation. Certain claims add such a limitation, e.g., "after using the [disposable] brew basket and filter pack in a single brewing operation, discarding the brew basket and filter pack, and supplying a new unused brew basket and new filter pack in the room." (*See, e.g.*, '884 patent, claim 1 at 7:6-9)

5. **"Size dimensioned appropriate to make approximately only a single serving of beverage during a single brewing operation"[8] and "size dimensioned appropriate to make approximately only a single serving of beverage during a brewing operation:"[9]** "Sized to hold only one single serving filter pack." These limitations refer to the "brewing reservoir." (*See, e.g.*, '037 patent, claim 1 at 7:13-15) An object of the inventions is "to provide a single-use, disposable brew basket for a drip-type electric coffee brewing machine that is designed for brewing a single cup of coffee

---

[7] Found in claims 1, 27, 28, and 29 of the '037 patent, claim 16 of the '884 patent, and claims 28 and 63 of the '512 patent.

[8] Found in claim 16 of the '884 patent.

[9] Found in claims 1, 27, 28, and 29 of the '037 patent, and claim 28 of the '512 patent.

3

directly into a coffee cup." (*Id.* at 1:66-2:2; '884 patent, 1:66-2:2; '512 patent, 2:6-7 (similarly making "only a single serving of beverage during the a single brewing operation")) The specifications make numerous references to "single cup of coffee" (*see, e.g.*, '037 patent, 2:3-11, 42-56; '884 patent, 2:2, 3-11, 42-56) and "single serving" ('512 patent, 2:7, 17, 32, 6:30-33) Moreover, the specifications explain that the "coffee filter pack" contains "an amount of ground coffee appropriate for brewing a single cup of brewed coffee." ('037 patent, 4:35-39; '884 patent, 4:33-36; '512 patent, 6:30-33) The specifications explain that "the coffee filter pack 60 [is placed] within the brewing reservoir 50 of the disposable brew basket 40" and used to brew "a single cup of coffee with the electric coffee brewing machine 10." ('037 patent, 5:3-11; '884 patent, 5:11-18; '512 patent, 7:17-30)

6. **"Sufficiently large to hold one of the filter packs and the heated water while brewing without a level of the heated water rising above and overflowing the open top"[10] and "sufficiently large to hold at least one of the filter packs and the heated water while brewing without a level of the heated water rising above and overflowing the open top."[11]** Indefinite pursuant to § 112, ¶ 2. The definiteness requirement is rooted in § 112, ¶ 2, which provides that "the specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." "A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Personalized Media Comm., LLC v. Int'l Trade*

---

[10] Found in claim 16 of the '884 patent.

[11] Found in claims 1, 27, 28, and 29 of the '037 patent, and claim 28 of the '512 patent.

4

Com'n, 161 F.3d 696, 705 (Fed. Cir. 1998). Reiterating the public notice function of patents, the Supreme Court recently explained that "a patent must be precise enough to afford clear notice of what is claimed, thereby 'appris[ing] the public of what is still open to them.'" *Nautilus, Inc. v. Biosig Instruments, Inc.*, ___ U.S. ___, 134 S.Ct. 2120, 2129 (2014) (citations omitted). In balancing the need for clarity with the inherent limitations of the English language, 35 U.S.C. § 112, ¶ 2 requires "that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Id*.

7. The specifications describe a brewing reservoir for "for holding coffee grounds and for receiving heated water from the electric coffee brewing machine;" "the heated water then flows into the brew basket 18 and saturates the ground coffee contained therein. Brewed coffee then drips out into the receiving vessel 22, preferably a coffee cup, which is positioned immediately below the brew basket 18." ('037 patent, 4:16-18, 3:61-65; '884 patent, 4:10-12, 3:55-57; '512 patent, 4:19-21, 3:58-61) The "level of water" or "overflowing" is not discussed in the '037 and '884 specifications. The '512 specification discloses that "[t]he brewing area is sufficiently large to hold the filter pack and the heated water while brewing without a level of the heated water rising above and overflowing the open top," but provides no more detail on the variables involved (such as flow of water into and out of the reservoir and the impact of the filter pack permeability). (Abstract, 2:8-10, 33-35) Without any detail on such variables that would influence the "level of the heated water," the court concludes that the disputed limitations are not "precise enough to afford clear notice of what is claimed" and do not provide reasonable certainty as to the scope of the invention.

8. **"Brewing area:"**[12] "Brewing reservoir." Claim 16 of the '884 patent recites in

part that

> the brewing reservoir having a size dimensioned appropriate to make
> approximately only a single serving of beverage during a single brewing
> operation, the brewing area being sufficiently large to hold one of the filter
> packs and the heated water while brewing without a level of the heated
> water rising above and overflowing the open top.

('884 patent, 8:18-24) The claim language, along with the specification's description of

a "brewing reservoir" as used "for holding coffee grounds and for receiving heated water

from the electric coffee brewing machine," support the court's construction and afford

clear notice of what is claimed. ('884 patent, 8:18-21, 4:10-11)

9. **"Sufficient to brew approximately only a single serving of brewed**

**beverage"**[13] **and "sufficient to brew approximately only a single serving of**

**beverage:"**[14] "Sufficient to make a single serving, and not multiple servings, of brewed

beverage." The limitations refer to the "filter pack containing an amount of grinds."

(*See, e.g.*, '037 patent, claim 1 at 6:61-63; '512 patent, claim 28 at 12:49-51) As with

the "size dimensioned brewing reservoir" limitation discussed above, the specifications

are directed to single servings of a brewed beverage. More specifically, the coffee filter

pack "contains an amount of ground coffee that is appropriate for brewing a single cup

of the beverage." ('037 patent, 4:39-46; '512 patent, 6:6-33)

10. **The packaging limitations:**[15] Definite pursuant to § 112 ¶ 2. A claim which

does not recite structural relationships between essential elements is incomplete and

---

[12] Found in claim 16 of the '884 patent.

[13] Found in claims 1, 27, 28, and 29 of the '037 patent.

[14] Found in claim 28 of the '512 patent.

[15] "The first and second packages being separate from one another" found in claim 43
of the '884 patent and claims 28, 52, and 63 of the '512 patent; "a first package

6

therefore indefinite under 35 U.S.C. 112. *See Application of Collier*, 397 F.2d 1003 (C.C.P.A. 1968). "If the system is one for which the relationship of elements is conventional and commonly known, the [c]ourt can take notice of a relationship, even if one is not stated. However, when the element is not known in the field of invention, the claim must specify the relationship." *Acacia Media Technologies Corp. v. New Destiny Internet Grp.*, 405 F. Supp. 2d 1127, 1138 (N.D. Cal. 2005).

11. Claim 16 of the '884 patent is directed to a "method of supplying in-room beverage service to a lodging establishment." ('884 patent, 7:63-64) Dependent claim 43 of the '884 patent recites in part "further comprising packaging at least one said disposable brew basket in a first package and packaging at least one said disposable filter pack in a second package, the first and second packages being separate from one another." ('884 patent, 10:24-28) Claims 1, 27, 28, and 29 of the '037 patent are directed to "[a] beverage brewing system." Claim 1 recites in part "a first package including at least one of the brew baskets and a second package including at least one of the filter packs, the first and second packages being separate from one another." ('037 patent, 7:20-23) The asserted claims of the '512 patent are directed to a "beverage brewing system." ('512 patent, claims 28, 52, and 63) Claim 28 of the '512 patent recites in part "packaging that includes at least first and second packages, the first package including at least one of the brew baskets and the second package

_____

including at least one of the brew baskets and a second package including at least one of the filter packs, the first and second packages being separate from one another" found in claim 1 of the '037 patent; "a sealed package containing a single disposable brew basket" found in claim 27 of the '037 patent; "a package including at least one of the brew baskets separate from the filter packs" found in claim 28 of the '037 patent; and, "packages that individually package each of the brew baskets separate from one another and separate from the filter packs" found in claim 29 of the '037 patent.

including at least another of the brew baskets, the first and second packages being

separate from one another." ('512 patent, 13:6-11)

12. The specifications explain that:

Preferably, one coffee filter pack 60 and one disposable brew basket 40
are packaged together for use. The coffee filter pack 60 may or may not
be adhered or otherwise connected to the bottom wall 42 of the basket 40.
The coffee filter packs 60 and disposable brew baskets 40 may also be
packaged and sold separately and sold separately from one another
without departing from the scope of the invention.

('884 patent, 4:41-47; '037 patent, 4:47-55; '512 patent, 6:42-51) Moreover, "multiple

nested disposable brew baskets 40 [may] be packaged, stored and/or shipped together"

and could be "repackaged." ('884 patent, 5:24-26, 44; '037 patent, 5:35-36, 55; '512

patent, 7:52-55, 8:8-9) The '037 and '512 patents additionally provide figures illustrating

the packages. ('037 patent, figures 10-11, 4:47-55; '512 patent, figures 10, 11a, 11b,

6:42-51) The '512 patent further explains that "[t]he disposable brew baskets 40 and

the coffee filter packs 60 may be packaged, whether together or separately, using any

suitable packaging material(s), such as, but not limited to, paper and/or plastic." ('512

patent, 6:52-55)

13. The '884 patent describes the use of coffee filter packs and disposable brew

baskets to make a brewed beverage, as well as the packaging of such items for

shipping and sale. The '037 and '512 patents include more detail regarding the

packaging, including figures depicting open packaging to show the coffee filter pack or

disposable brew basket inside. Considering "the structure and structural relationships

recited [in the patents-at-issue] with reference to the objective to be attained" – the

conventional task of making a brewed beverage – the court concludes that the asserted

8

claims are definite. *Ex parte Nolden*, 149 U.S.P.Q. 378, 378 (Bd. Pat. App. 1965); *Application of Collier*, 397 F.2d at 1006.

14. **"The brew baskets being inserted into the location in the beverage brewing machine;"[16] "the brew baskets being individually inserted into the location during an associated brewing operating;"[17] and "the brewing machine heating water from the water reservoir."[18]** Indefinite under § 112, ¶ 2. Following the guidance of the Board of Patent Appeals and Interferences, the Federal Circuit has held that "reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) (citation omitted). The reasoning behind this rule is that if a patentee is allowed to claim "two separate statutory classes of invention, a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus." *Id.* (citation omitted). More recently, the Federal Circuit applied the standard it articulated in *IPXL*, finding that a claim that recited four apparatus elements ("buffer means," "fractional encoding means," "second buffer means," and "trellis encoding means") was indefinite for including a fifth method element, "transmitting the trellis encoded frames." *Rembrant Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011). The Federal Circuit distinguished the impermissible practice of combining apparatus and method limitations from "functional limitations," in which the drafter properly defines something

---

[16] Found in claims 1, 27, 28, and 29 of the '037 patent.

[17] Found in claim 28 of the '512 patent.

[18] Found in claims 1, 27, 28, and 29 of the '037 patent, and claim 28 of the '512 patent.

9

by what it does rather than what it is. *See In re Schreiber*, 128 F.3d 1473, 1478 (Fed.

Cir. 1997). The Federal Circuit has upheld functional claiming where the claims "merely

establish those functions as the underlying ... environment in which the [apparatus]

operates." *HTC Corp. v. IPCom GmbH & Co.*, KG, 667 F.3d 1270, 1277 (Fed. Cir.

2012).

15. Claim 1 of the '037 patent recites in part:

A beverage brewing system, comprising:

a beverage brewing machine having a housing, a water reservoir, an electrical heating element for heating water and a location to receive a brew basket, **the brewing machine heating water from the water reservoir**;

a plurality of filter packs for use with the beverage brewing machine, each filter pack containing an amount of grinds sufficient to brew approximately only a single serving of brewed beverage; and

a plurality of single serving disposable brew baskets for use with the beverage brewing machine,

**the brew baskets being inserted into the location in the beverage brewing machine**,

the brew baskets comprising a bottom and a wall extending generally upwardly from the bottom to define a brewing reservoir . . . .

('037 patent, 6:54-7:23) (emphasis added) Claim 28 of the '512 patent recites in part:

A beverage brewing system, comprising:

a beverage brewing machine having a housing, a water reservoir, and a location to receive a brew basket, **the brewing machine heating water from the water reservoir**;

a plurality of filter packs, the filter packs containing an amount of grinds sufficient to brew approximately only a single serving of beverage;

a plurality of single serving disposable brew baskets utilized with the beverage brewing machine during separate brewing operations, **the brew baskets being individually inserted into the location during an**

10

> **associated brewing operation**, the brew baskets comprising a body
> defining a brewing reservoir . . . .

('512 patent, 12:44-13:11) (emphasis added)

16. Like the system claim in *IPXL* (which claim required a "user [to] use[] the input means"), claim 1 of the '037 patent and claim 28 of the '512 patent are system claims, but recite method steps of heating water and inserting a brew basket. *IPXL*, 430 F.3d at 1384. In contrast, the Federal Circuit found the claim at issue in *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367 (Fed. Cir. 2008), to be "clearly limited to a pipeline processor possessing the recited structure and **capable** of performing the recited functions." *Id.* at 1375. The court concludes that a person of ordinary skill in the art would not understand whether the claims at bar are infringed by an apparatus capable of heating water and having brew baskets inserted or when a person actually uses the beverage brewing system to heat water and inserts a brew basket.

17. **"The filter pack being placed in the brewing reservoir through the open top:"**[19] Indefinite under § 112, ¶ 2 for the same reasons articulated in paragraphs 14-16, *supra*.

18. **"Wherein a first brew basket of the plurality of disposable brew baskets is utilized in the beverage brewing machine during a first brewing operation and a second brew basket of the plurality of disposable brew baskets is utilized in the beverage brewing machine during a second brewing operation:"**[20] Indefinite under § 112, ¶ 2 for the same reasons articulated in paragraphs 14-16, *supra*.

---

[19] Found in claim 16 of the '037 patent.

[20] Found in claim 17 of the '037 patent.

11

19.  **"Wherein each of the plurality of disposable brew baskets is utilized in the same beverage brewing machine during a corresponding plurality of single brewing operations:"**[21]  Indefinite under § 112, ¶ 2 for the same reasons articulated in paragraphs 14-16, *supra*.

20.  **"Wherein the plurality of disposable brew baskets are packaged before use:"**[22]  Indefinite under § 112, ¶ 2 for the same reasons articulated in paragraphs 14-16, *supra*.

21.  **"The lid being lifted open to permit water to be freely poured into the water reservoir:"**[23]  Indefinite under § 112, ¶ 2 for the same reasons articulated in paragraphs 14-16, *supra*.

22.  The court has provided a construction in quotes for the claim limitations at issue.  The parties are expected to present the claim construction consistently with any explanation or clarification herein provided by the court, even if such language is not included within the quotes.

United States District Judge

---

[21] Found in claim 18 of the '037 patent.

[22] Found in claim 19 of the '037 patent.

[23] Found in claim 22 of the '037 patent.

12