IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTESY PRODUCTS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-2012-SLR/SRF |
| | ) |
| HAMILTON BEACH BRANDS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of January, 2016, having reviewed the Report and Recommendation ("R&R") issued by Magistrate Judge Sherry R. Fallon, as well as the papers filed in connection with the objections thereto;

IT IS ORDERED that said R&R (D.I. 76) is affirmed and the objections overruled, for the reasons that follow:

1. **Standard of review.** When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper.

*Rieder v. Apfel*, 115 F. Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

    2. **Willful infringement.** I find no error in Judge Fallon's recommendation that defendant's motion to dismiss be denied. The objection filed by defendant is directed to the objective recklessness prong of willful infringement, based on the fact that a 2009 license between the parties (proving knowledge of the patents) did not involve the accused products. There can be dispute, however, that defendant's 2009 knowledge of the patents included the fact that the patents are directed to brew baskets for electric coffee makers, the same subject matter at issue in this litigation (albeit involving different products). The amended complaint sufficiently alleges that defendant chose to market the accused products armed with that knowledge, and that the customers would be instructed to use the accused products. Plaintiff's amended complaint satisfies the pleading requirements for willful infringement. *See e.g., ReefEdge Networks, LLC v. Juniper Networks, Inc.,* 29 F. Supp. 3d 455, 458 (D. Del. 2014).

    3. **Inequitable conduct.** Defendant argues in its objections that it pled with sufficient particularity the materiality of its inequitable conduct affirmative defense and counterclaim. I agree with Magistrate Judge Fallon that defendant has not done so. In the first instance, defendant identifies (as misrepresentations) submissions made to support the commercial success of one embodiment of the invention (the CVI Program) (*see, e.g.,* D.I. 23 at 18-19, ex. A at 431-34, third-party declarations submitted in 2005 referencing hotel in-room coffee service costs) as contrasted with submissions made to distinguish specific prior art references, some of which simply do not correspond to the

subject matter of the prior declarations (*see, e.g., id.* at 17, ex. A at 10, addressing the Alvarez/Nordskog combination[1] involving a portable coffee maker adaptable for use in an automotive vehicle). With respect to the relation between the prior third party declarations as contrasted with the patentee's analysis of the Hotel Interactive article (the one reference which expressly discussed in-room beverage service for lodging establishments, *see id.,* ex. B at 14-15), the patentee's response (dated April 11, 2007) is limited to the considerations addressed in the reference (equipment costs).[2] The fact that the patentee did not include in its discussion labor costs does not necessarily mean that the representations were false, particularly since the reference was distinguished on other grounds. I find as a matter of law that defendant's allegations in this regard cannot be characterized as "affirmative acts of egregious misconduct;" therefore, defendant's pleading must satisfy the but-for materiality standard. In this regard, defendant has failed to identify how the above cited "misrepresentation" led to issuance of the patents-in-suit, other than that the patents-in-suit issued at a later time. Even

---

[1] Regardless, the examiner found the patentee's response to this prior art "not persuasive" and, thus, defendant has failed to satisfy the but-for materiality standard.

[2] The only direct inconsistency is found in a commercial brochure used to promote the CVI Program submitted in support of commercial success, *see id.* at 19-20, ex. A at 49. I decline to find such commercial puffery a basis for inequitable conduct, especially when it was submitted to the PTO as follows:

> An in-room beverage service, using disposable brew baskets and disposable filter packs, is being marketed by Courtesy Products under the trademarks CVI® and CV2™, hereafter collectively referred to as the "CV Program." A brochure for the CV Program is attached hereto as Exhibit A.

(D.I. 23, ex. A at 36, referring to pages 46-51)

under the case law defendant cites, see *Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 600715 (D. Del. Feb. 3. 2012) at *10, this is insufficient.

THEREFORE, IT IS FURTHER ORDERED that:

1. Defendant's renewed partial motion to dismiss (D.I. 21) is denied. Defendant may file an amended pleading to cure the noted deficiencies consistent with the above guidance.

2. Plaintiff's motion to dismiss and strike (D.I. 37) is granted in part.

United States District Judge